FILED'07 AUG 16 08:51 USDC-ORM

```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF OREGON
```

MICHAEL E. NIELSON,

        CV 05-3095-PA

    Plaintiff,

v.        **OPINION AND ORDER**

PORT OF GOLD BEACH, et al.,

    Defendants.

**PANNER, J.**

    Plaintiff Michael E. Nielson brings this employment discrimination action against defendants Port of Gold Beach (the Port), and William McNair, who was one of five Commissioners on the Port's Board of Commissioners. Plaintiff claims that the Port terminated him because he was disabled, violating the federal Americans with Disabilities Act (ADA), and Or. Rev. Stat. § 659A.112(1); that the Port violated the federal Family Medical Leave Act (FMLA); that the Port is liable for breach of contract and wrongful discharge; that McNair is liable for intentional interference with economic relations; and that both defendants are liable for intentional infliction of emotional distress.

1 - OPINION AND ORDER

Defendants move for summary judgment. I grant the motion for summary judgment as to plaintiff's claims under the ADA and FMLA, and dismiss plaintiff's state law claims without prejudice and leave to refile in state court.

## LEGAL STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The court should resolve reasonable doubts about the existence of an issue of material fact against the moving party. Id. at 631. The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. Id. at 630-31.

## DISCUSSION

I. **Plaintiff's Federal Claims**

Plaintiff's federal claims are under the ADA and FMLA. Defendants contend that the ADA and FMLA do not apply to the Port because the Port employs fewer than 15 employees. It is undisputed that the Port itself has fewer than 15 employees, but

2 - OPINION AND ORDER

plaintiff disputes the relevance of this fact in determining eligibility under FMLA and the ADA.

### A.  FMLA's Requirements

Under FMLA, a public agency is an "employer" regardless of the number of employees. 29 U.S.C. § 2611(4)(A)(iii). Defendants contend that despite the Port's status as a covered employer, plaintiff is not an "eligible employee" entitled to benefits under FMLA.

FMLA provides that "eligible employees" do not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." Id. § 2611(2)(B)(ii). The regulations provide that "employees of public agencies must meet all of the requirements of eligibility, including the requirement that the employer (e.g. State) employed 50 employees at the worksite or within 75 miles." 29 C.F.R. § 825.108(d).

Plaintiff argues that (1) because the Port is a covered employer, he should eligible for FMLA benefits; and (2) the Port is an "integrated employer" with other special districts within 75 miles, and therefore the Port meets the minimum number of employees under FMLA.

Plaintiff argues that the regulation's interpretation of FMLA is "absurd" because if the Port is a covered employer, then its employees should be entitled to FMLA benefits. The Ninth

3 - OPINION AND ORDER

Circuit has not addressed this issue.  The Seventh Circuit has, concluding that "even though public agencies fall within the FMLA regardless of the number of employees, those employees cannot seek FMLA benefits unless the agency employed at least 50 employees within a 75 mile area."  <u>Fain v. Wayne County Auditor's Office</u>, 388 F.3d 257, 259 (7th Cir. 2004).  The legislative history cited by plaintiff does not establish that congressional intent is contrary to the regulation.  To establish eligibility under FMLA, plaintiff must show that the Port employed 50 employees at the work site, or within 75 miles of the work site.

Plaintiff argues that even if the Port itself did not employ 15 employees, the Port's membership in the Special Districts Association of Oregon (SDAO) makes it and other special districts in the SDAO "integrated employers for purposes of determining the 50-employee threshold under the FMLA."  Pltf.'s Resp. to Supp. Br. at 7.  The SDAO serves special districts throughout the state, including water districts, fire districts, and port districts.

> The regulation on integrated employers provides:
>
> Separate entities will be deemed to be parts of a
> single employer for purposes of FMLA if they meet the
> "integrated employer" test.  Where this test is met,
> the employees of all entities making up the integrated
> employer will be counted in determining employer
> coverage and employee eligibility.  A determination of
> whether or not separate entities are an integrated
> employer is not determined by the application of any
> single criterion, but rather the entire relationship is
> to be reviewed in its totality.  Factors considered in
> determining whether two or more entities are an

4 - OPINION AND ORDER

integrated employer include:

(i) Common management;

(ii) Interrelation between operations;

(iii) Centralized control of labor relations; and

(iv) Degree of common ownership/financial control.

29 C.F.R. § 825.104(c)(2).

Plaintiff contends that the special districts in the SDAO are interrelated in their operations. The SDAO provides members with matching grant money for projects up to $6,000, and funds internships. Plaintiff contends that the SDAO provides common management, as shown the provision of training and policy manuals. Plaintiff states that by providing insurance coverage, leasing programs, and loans, the SDAO exercises financial control over its members.

I agree with defendants that the Port's membership in the SDAO does not make the Port an integrated employer with other special districts. The Port operates independently with its own elected Commission, its own budget, and its own employees.

The regulations provide a test specifically applying to public agencies:

> A state or a political subdivision of the state constitutes a single public agency, and, therefore, a single employer for purposes of determining employee eligibility. For example, a state is a single employer; a county is a single employer; a city or town is a single employer. Where there is any question about whether a public entity is a public agency, as distinguished from a part of another public agency, the U.S. Bureau of the Census' "Census of Governments" will

5 - OPINION AND ORDER

> be determinative, except for new entities formed since the most recent publication of the "Census."

29 C.F.R. § 825.108(c)(1). I need not decide whether this specific test for public agencies supersedes the integrated employer test because plaintiff would not qualify under either test. See Reichert v. Village of Greeley, 2006 WL 1507817, at *1 (D. Neb. May 30, 2006) (declining to decide which test applies in determining whether an employer is a separate legal entity).

In applying 29 C.F.R. § 825.108(c)(1), "a court should examine state law before referring to the Census." Rollins v. Wilson County Gov't, 154 F.3d 626, 629 (6th Cir. 1998). Here, the statutes governing ports generally, Or. Rev. Stat. §§ 777.005 - 775.605, indicate that ports are separate legal entities empowered to enter into intergovernmental agreements, borrow money and issue bonds, levy taxes, and otherwise act independently. See, e.g., Port of Umatilla v. Richmond, 212 Or. 596, 603-05, 321 P.2d 338, 342-43 (1958) (port's power to engage in commerce). Even if state law is not determinative, the U.S. Census Bureau lists the Port as a separate local government. See U.S. Census Bureau, 2002 Governments Integrated Directory, Special Districts Governments, Port of Gold Beach (http://census.gov/gid/gid_02/asp/resuts/asp).

I conclude as a matter of law that the Port is a separate entity for FMLA purposes, employing fewer than 15 employees, and that plaintiff is not an eligible employee under FMLA.

6 - OPINION AND ORDER

### B. ADA Requirements

The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5)(A). For the same reasons that the Port is not subject to FMLA's requirements, the Port is also not subject to the ADA's requirements.

Defendants are entitled to summary judgment on plaintiff's claims under the ADA and FMLA.

## II. Dismissal of State Law Claims Without Prejudice

Plaintiff's remaining claims are under state law. The court has discretion under 28 U.S.C. § 1367(c) to decline to exercise jurisdiction over state law claims under these circumstances. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). I conclude that dismissal is justified here. Plaintiff may try the remaining state law claims in state court.

### CONCLUSION

Defendants' motion for summary judgment (#32) is granted as to plaintiff's claims under the ADA and FMLA, and denied as to

7 - OPINION AND ORDER

plaintiff's claims under state law.  Plaintiff's state law claims are dismissed without prejudice and with leave to refile in state court.

    IT IS SO ORDERED.

    DATED this ___16___ day of August, 2007.

                                                              /s/ Owen M. Panner<br>
                                                OWEN M. PANNER<br>
                                                U.S. DISTRICT JUDGE

8 - OPINION AND ORDER